SCHOTT, Judge
(dissenting).
My colleagues hold that the original lease was entered into with each lessee individually; that each lessee had the right to renew; that such right of renewal was not dependent on the exercise of that right by all lessees; and that while the new lease attempted to be entered into by plaintiffs cannot be afforded validity it does suffice as a renewal of the old.lease. Because I reject these premises, I must dissent.
*445 LSA-C.C. Arts. 2669-2670 provide as follows:
“Lease or hire is a synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price.”
“To the contract of lease, as to that of sale, three things are absolutely necessary, to wit: the thing, the price, and the consent.”
Plaintiffs never consented to a renewal of the old lease, but, on the contrary, specifically negated any intention of renewing the old lease when they signed the new lease. So there was no contract with a meeting of the minds as to the renewal of the old lease as between plaintiffs and the landlord. Likewise, plaintiffs cannot urge that their new lease was valid since the landlord did not intend to make a contract with anyone but all three of these doctors. In answer to the question, “Have you done anything as president of this corporation to act in honoring that lease that you sent out to the three doctors with your May letter?” He said, “No, sir, we couldn’t honor it if they, all three doctors didn’t sign it.”
As far as defendant is concerned, his intention to renew the old lease by signing a new lease never ripened into a contract as there was no meeting of the minds with the landlord who would not accept a renewal from only one or even two of the three lessees.
An examination of the original lease in the light of the definition in LSA-C.C. Art. 2669, shows that the lease was a contract between two parties, one party being East Jefferson Geriatric Clinic, Inc., d/b/a La Maison Medical, and the other party, lessee, being the three doctors collectively. What we are called upon to decide is whether that lease was extended or not as among those four parties or individuals to the contract. Hypothetically, I can imagine a situation where a landlord, renting premises collectively to two or more individuals, would not be willing to have only one or two of more lessees on the lease without all being on the lease. This might be primarily for security reasons, but the landlord could have other reasons for this as well. For this very practical reason and for the additional reason that the landlord in this case himself testified that he expected the renewal to be signed by all three doctors for it to be effective, I cannot subscribe to the view that each one of these doctors independently had the right to renew that lease.
On the other hand, the testimony is clear that none of the doctors was willing voluntarily to surrender the premises. On the contrary, they all seemed to be doing their level best to hold onto the premises. Plaintiffs paid their rent for July and defendant tendered his. The landlord was careful not to place himself in the middle of this controversy among these doctors and allowed the three to remain in possession. In my opinion, these circumstances bring into focus the provisions of LSA-C. C. Art. 1817 which is dispositive of this case:
“Silence and inaction are also, under some circumstances, the means of showing an assent that creates an obligation; if, after the termination of a lease, the lessee continue in possession, and the lessor be inactive and silent, a complete mutual obligation for continuing the lease, is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other.”
It seems to me that we have here a classic case of reconduction as contemplated by the Code, and such reconduction of the lease to the three doctors was on a month to month basis. See Standard Oil Co. of New Jersey v. Edwards, 32 So.2d 102 (La.App. 1st Cir.1947). As long as all four parties to the old lease continue in their present posture this reconduction will continue. Accordingly, I would reverse the *446 judgment of the trial court which held that the original lease was renewed for a term of one year.
I respectfully dissent.